## JACKSON, *ex dem.* BROMLEY and others, *against* BENJAMIN.

THIS was an action of ejectment, for eight-thirteenths of a farm, in *Chatham*, in the county of *Columbia.* The cause was tried at the *Columbia* circuit, in *September*, 1810, before Mr. Justice *Thompson.*

It was proved that *Benjamin Ingraham* was in possession of the premises about 45 years ago; that he sold them to *Ebenezer Benjamin*, who, a few years be-

The act of 22d *March,* 1791, (14th sess. c. 42. s. 11.) sometimes called the *Canaan act,* granted the lands only to those who were in possession, in their own right, and not occupying in the right of another.

Where *A.* bought land in *Canaan* in 1782, and put *B.*, one of his sons, in immediate possession, and declared he had bought it for him, and afterwards died in 1789, leaving several children, his heirs at law, and *B* continued in possession of the land above 27 years, but without having obtained a deed from his father; it was held, that *B.* was in possession under his father, and not in his own right, or adversely to his father; and that the act of 1791 confirmed the right to the land in the heirs of *A.* generally, on whom the law cast the inheritance; and that the rest of the children of *A.* were entitled to their proportion of the land so occupied by *B.*

fore his death, put his son, the present defendant, in possession, who has continued to reside thereon ever since that time, or about 27 years. *Ingraham* held the premises as his own property. The present defendant afterwards used them as his own property. The lessors of the plaintiff are the heirs at law of *Ebenezer Benjamin*. The deed from *Ingraham* to *Benjamin* was dated the 12th *December*, 1782. *Ebenezer Benjamin* died in *October*, 1789, and just before his death the defendant applied to him for a deed of the premises, but he refused to give it. Until the act of the legislature relative to the lands in *Canaan*, which then included *Chatham*, was passed, in 1791, no deeds were given for those lands except quit-claim deeds. When that act was passed, the defendant was in possession of the land, claiming it as his own.

On the 28th of *September*, 1808, the defendant executed a bond to the lessors, as heirs at law of *Ebenezer Benjamin*, conditioned, that if the heirs would release to him the premises in question, he would release to them all his right to the residue of his father's estate; and some of the heirs have accordingly released to the defendant.

It was also proved, that *Ebenezer Benjamin*, in his lifetime, had said, that he purchased the farm for the defendant, and that it was his; that the defendant paid 200 dollars, by the request of his father, as part of the consideration for the farm. The defendant took possession immediately after *Ingraham* sold it to his father, who never was in actual possession of it. That it was agreed between the defendant and his father, about a year before the death of the latter, that the defendant should pay 250 dollars, and his father would give him a deed.

The defendant also read in evidence the act of the legislature, passed the 22d of *March*, 1791, (*Greenleaf's* ed. of *Laws*, vol. 2. p. 368. 370.) which declares, " that all the estate, right, title, interest, claim and demand of

the people of the state of *New-York*, of, in, and to any lands, tenements, or hereditaments, in the town of *Canaan*, in the county of *Columbia*, now possessed by any person or persons, shall be, and hereby is granted to the respective possessors of such lands, &c. and to the heirs and assigns of such possessors respectively for ever. Provided always, that such possessor or possessors shall be construed, and taken to be, the person or persons holding in his or her own right, and not occupying or improving in the right of another."

A verdict was found for the plaintiff, subject to the opinion of the court.

*Van Buren*, for the plaintiff.

*E. Williams*, contra.

YATES, J. delivered the opinion of the court. The act of the 22d *March*, 1791, (14th sess. c. 42. s. 11.) relative to the subject in controversy, declared that all the rights of the people of this state to any lands in *Canaan*, (which then included *Chatham*,) and then possessed by any person, was thereby granted in fee to such possessors ; but with a proviso, that such possessors should be construed and taken to be the persons *holding in their own right, and not occupying and improving in the right of another.* From the facts disclosed in this case, I think it is evident, that the defendant entered under his father, and always, until his father's death, occupied and improved, in right of his father. *Ebenezer Benjamin* purchased the land and took a deed, and settled the defendant, his son, upon it, immediately. If he intended that it should be the defendant's, why did he not take the deed in his name, at once? He never parted with his right, nor does it appear that the son ever meant or intended to hold independent of, or adversely to, his fa-

ther's right. He must, consequently, be deemed to hold under that right, as one of the heirs. There is no fact showing that he had set up an independent right in himself; and the bond which he executed to the heirs, so late as the year 1808, shows conclusively, that he still continued to possess under his father's title, as one of the heirs; nor can the right of those heirs be at all affected by the act of 1791. That act only went to confirm the right of the heirs generally; for the law had cast the inheritance upon them; and the possession of the defendant, as one of the heirs, could not destroy the right of the others; but must be considered as the possession of all of them.

Judgment ought, therefore, to be rendered for the plaintiff.

Judgment for the plaintiff.